UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY ALAN CONNELL,

    Plaintiff,

v.                                                      Case No. 4:22-cv-432-AW/MJF

CENTURION OF FLORIDA, LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This civil-rights case is before the court on Plaintiff's complaint. Doc. 1-1. The Northern District of Florida is not a proper venue for this civil action. Rather, Plaintiff should have brought some of his claims in the Middle District of Florida, and he should have initiated other claims in the Southern District of Florida. The District Court, therefore, should: (1) sever and dismiss without prejudice Plaintiff's claims against Defendant Coopman so that Plaintiff may pursue them in the Southern District of Florida; and (2) transfer the case consisting of Plaintiff's remaining claims against the remaining defendants to the Middle District of Florida.

**I. B**ACKGROUND

**A.** **Procedural Background**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently confined at Suwannee Correctional Institution. Plaintiff, proceeding *pro*

Page 1 of 9

*se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. Plaintiff names four defendants: (1) Centurion of Florida, LLC, (2) Dr. Espino; (3) Physician Assistant Ibe; and (4) Thomas Coopman. Centurion—the only defendant served in the state-court proceeding—removed the action based on the District Court's federal-question jurisdiction. Docs. 1, 2.

B.  **Factual Background**

   1.  ***Facts Relating to Defendant Coopman***

Plaintiff concedes in his complaint that none of the relevant facts occurred in the Northern District of Florida. Doc. 1-1 at 5, 9 (noting that all relevant events occurred at Dade Correctional Institution and Florida State Prison). In July 2019, the FDC incarcerated Plaintiff at the Dade Correctional Institution, which is located in the Southern District of Florida. *Id.* at 5, 19. On July 9, 2019, Defendant Coopman used force on Plaintiff, which Plaintiff claims was excessive and violated the Eighth Amendment. *Id.* at 19–21. Plaintiff states that Coopman's actions caused serious injuries to his left ear, including a ruptured tympanic membrane and hearing loss. *Id.* at 23. Immediately, following the use of force, Coopman denied Plaintiff an opportunity to obtain medical treatment. *Id.* at 21–24. Instead, Coopman placed Plaintiff in a shower. Doc. 1-1 at 24. Although Plaintiff requested to use the toilet, he was denied access to a toilet and toiletries. As a result, Plaintiff urinated and

defecated on himself. Against Coopman, Plaintiff asserts three claims alleging violations of the Eighth Amendment: (1) use of excessive force; (2) unlawful condition of confinement; and (3) deliberate indifference to a serious medical need.

### 2. *Facts Relating to Defendants Centurion, Dr. Espino, and Ibe*

On September 25, 2019, the FDC transferred Plaintiff to the Florida State Prison, which is located in the Middle District of Florida. *Id.* On October 21, 2019, Plaintiff filed a sick-call request because his ear was leaking pus and Plaintiff allegedly was in severe pain. On October 23, 2019, Defendant Espino examined Plaintiff and determined that Plaintiff's ear drum was not ruptured. Dr. Espino, therefore, canceled a pending referral to an ear, nose, and throat specialist.

On April 2, 2021, Dr. Espino and Physician Assistant Ibe prescribed ear drops that Plaintiff asserts caused permanent hearing loss. *Id.* at 28–29. Plaintiff alleges that Centurion created a "policy, custom, practice, or procedure" of delaying access to an ear, nose, and throat specialist. Plaintiff also asserts that Centurion, Espino, and Ibe exhibited deliberate indifference to Plaintiff's serious medical need. Additionally, Plaintiff asserts that these defendants engaged in negligence when they provided ear drops that were contraindicated for a person with a ruptured ear drum. *Id.* at 33.

C. **Plaintiff's Similar Case Pending in the Middle District of Florida**

On March 3, 2022, Plaintiff commenced a civil-rights action in the United States District Court for the Southern District of Florida against Centurion, Coopman, and Dr. Espino. *Connell v. Centurion Med. Health Care*, No. 1:22-cv-20651, Complaint, ECF No. 1 at 1 (S.D. Fla. Mar. 3, 2022). In that complaint, Plaintiff averred substantially similar facts and asserted substantially similar claims to those Plaintiff asserts in the instant action. *Id.* at 8–21.

On March 9, 2022, United States District Judge Raag Singhal dismissed without prejudice Plaintiff's claim against Coopman. *Id*. at ECF 3. Additionally, Judge Singhal transferred Plaintiff's claims against Centurion and Dr. Espino to the Middle District of Florida. *Id.* Plaintiff's case against Centurion and Dr. Espino is still pending the Middle District of Florida. Additionally, Centurion's and Dr. Espino's motions to dismiss that case are pending in the Middle District of Florida. *Connell v. Centurion of Fla., LLC*, No. 3:22-cv-269-BJD-PDB, Motions to Dismiss, ECF Nos. 29, 46 (M.D. Fla. filed July 25, 2022 and Nov. 23, 2022).

## II. DISCUSSION

A. **The District Court Should Sever Plaintiff's Claims Against Coopman and Dismiss These Claims Without Prejudice**

Permissive joinder allows multiple defendants to be joined in one action if the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise

in the action." Fed. R. Civ. P. 20(a)(2). To determine whether claims arise from the same transaction or occurrence, courts in the Eleventh Circuit apply the "logical relationship" test. *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

Under the logical relationship test, "a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health Corp.*, 755 F.2d at 1455). In other words, when the "same operative facts serve as the basis of both claims," the claims arise from the same transaction or occurrence. *Republic Health Corp.*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). Claims that "do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 n.1 (11th Cir. 1991).

Rule 21 of the Federal Rules of Civil Procedure allows a court to sever and dismiss improperly joined defendants. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018). Federal courts enjoy broad discretion to sever claims and parties if the court determines that joinder would cause prejudice to a party or would delay resolution of the case. *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983);

*see Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007); *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

Here, the claims against Coopman arise from a different set of operative facts than the claims against Centurion, Dr. Espino, and Ibe. Permitting Plaintiff to prosecute these myriad claims in a single civil action would cause prejudice to the parties, would complicate any trial, and would delay resolution of this case. Furthermore, severing and dismissing without prejudice Plaintiff's claims against Coopman would promote judicial economy because the District Court then could transfer Plaintiff's remaining claims to the Middle District of Florida where Plaintiff, Centurion, and Dr. Espino currently are litigating substantially similar claims.

**B.** **The District Court Should Transfer the Remaining Claims Against Centurion, Dr. Espino, and Ibe to the Middle District of Florida**

Venue for actions commenced pursuant to 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

**(b) Venue in general.** A civil action may be brought in—

(1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

>defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* § 1404(a); *see also id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for the claims that Plaintiff asserts against Centurion, Dr. Espino, and Ibe. Among other things:

- the primary events that give rise to Plaintiff's claims against Centurion, Dr. Espino, and Ibe occurred in the Middle District of Florida;
- Plaintiff is incarcerated in the Middle District of Florida;

- the undersigned believes that Dr. Espino and Ibe reside in the Middle District of Florida;

- any physical evidence related to Plaintiff's claims likely is located in the Middle District of Florida;

- any witnesses related to Plaintiff's claims likely reside in the Middle District of Florida; and

- a federal case initiated by Plaintiff against Centurion and Dr. Espino—which asserts substantially similar claims to those that Plaintiff asserts in this case—already is pending in the Middle District of Florida.

These factors weigh heavily in favor of transferring this case to the Middle District of Florida. Therefore, for the convenience of parties and witnesses, in the interest of justice and judicial economy, the District Court should transfer this case to the Middle District of Florida.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **SEVER** Plaintiff's claims against Defendant Coopman and **DISMISS** without prejudice Plaintiff's claims against Coopman.

2. **TRANSFER** this case to the United States District Court for the Middle District of Florida.

3.  **DIRECT** the clerk of the court to close this file.

At Pensacola, Florida this 27th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**